SILVERMAN, Circuit Judge,
with whom BEA, Circuit Judge joins,
dissenting:
I dissent from the majority’s opinion because the challenged laws do not survive any form of heightened scrutiny — strict or intermediate scrutiny. See D.C. v. Heller, 554 U.S. 570, 629 n. 27, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) (explaining that “rational-basis scrutiny” is inappropriate for reviewing Second Amendment challenges); see also United States v. Chovan, 735 F.3d 1127, 1137 (9th Cir. 2013), cert. denied, — U.S. -, 135 S.Ct. 187, 190 L.Ed.2d 146 (2014) (“In Heller, the Supreme Court did not specify what level of scrutiny courts must apply to a statute challenged under the Second Amendment. The Heller Court did, however, indicate that rational basis review is not appropriate.”). The more lenient of the two standards — intermediate scrutiny — requires “(1) the government’s stated objective to be significant, substantial, or important; and (2) a reasonable fit between the challenged regulation and the asserted objective.” Chovan, 735 F.3d at 1139.
No one disputes that the County Defendants and California have significant, substantial, and important interests in promoting public safety and reducing gun violence. See Fyock v. Sunnyvale, 779 F.3d 991, 1000 (9th Cir. 2015) (“Sunnyvale’s interests in promoting public safety and reducing violent crime are substantial and important government interests.”). However, the County Defendants and California have failed to provide sufficient evidence showing that there is a reasonable fit between the challenged laws and these two objectives. See Chovan, 735 F.3d at 1140-41 (stating that it is the government’s burden to establish that the challenged law survives intermediate scrutiny); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (explaining that summary judgment is appropriate if “the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof’).
In evaluating the constitutionality of a law under intermediate scrutiny, a reviewing court must assure that, in formulating their judgments, lawmakers have “ ‘drawn reasonable inferences based on substantial evidence.’ ” Turner Broad. Sys., Inc. v. F.C.C., 520 U.S. 180, 195, 117 S.Ct. 1174, 137 L.Ed.2d 369 (1997) (emphasis added) (quoting Turner Broad. Sys., Inc. v. F.C.C., 512 U.S. 622, 666, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994)); see also City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 51-52, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986) (explaining that the evidence that the lawmakers relied on must be “reasonably believed to be relevant to the problem” the government is addressing). In *957 evaluating whether California lawmakers have drawn reasonable inferences based on substantial evidence, it is important to note that the constitutional claims at issue in this case do not seek to provide all California citizens with the unrestricted ability to carry concealed firearms in public. To the contrary, Plaintiffs do not challenge California Penal Code §§ 25655 and 26150’s requirements: (1) that a person desiring to carry a concealed firearm in public first obtain a concealed carry license; and (2) that in order to obtain that license the person must be a law-abiding citizen of good moral character and complete the necessary course of firearms training.
Thus, Plaintiffs only challenge California’s concealed carry licensing scheme as interpreted and implemented by San Diego County and Yolo County to the extent it prohibits certain law-abiding citizens, who have completed the necessary training and applied for the necessary license, from carrying a concealed firearm in public because they cannot satisfy San Diego County and Yolo County’s required heightened showing of a particular need to carry a firearm in public for self-defense purposes. This distinction is important because the County Defendants and California have not provided any evidence, let alone substantial evidence, specifically showing that preventing law-abiding citizens, trained in the use of firearms, from carrying concealed firearms helps increase public safety and reduces gun violence. The County Defendants have merely provided evidence detailing the general dangers of gun violence and concealed firearms. This evidence is of questionable relevance to the issues in this case because it does not distinguish between firearm violence committed by people who are either concealed carry license holders or are qualified to obtain such a license and firearm violence committed by people who could not obtain a concealed carry license because of either their criminal record or because they have not completed the necessary course of firearms training.
There is simply no evidence in the record showing that establishing a licensing regime that allows trained law-abiding citizens to carry concealed firearms in public results in an increase in gun violence. Indeed, the only evidence in the record shows the exact opposite. Amici have provided evidence showing that concealed-carry license holders are disproportionately less likely to commit crimes — including violent crimes such as aggravated assault with a deadly weapon — than the general population, and that the adoption of a concealed carry licensing regime such as the one proposed by Plaintiffs in other areas of the country has either had no effect on violent crime or has helped reduce violent crime. See Amicus Brief for the Governors of Texas, Louisiana, Maine, Mississippi, Oklahoma, and South Dakota at 10-15; Amicus Brief for International Law Enforcement Educators and Trainers Association, et al. at 22-26. Accordingly, the evidence in the record is insufficient to show that there is a reasonable fit between the challenged laws and the government’s stated objectives.
Moreover, the undisputed facts in this case show that there is not a reasonable fit because California law arbitrarily allows its counties to set forth different standards for obtaining a concealed carry license without any reasonable or rational explanation for the differences. For example, in Sacramento County, Fresno County, Stan-islaus County, and Ventura County, California Penal Code § 26150(a)’s “good cause” requirement is satisfied by the applicant simply stating that he wishes to carry a firearm in public for self-defense purposes. In contrast, in the two counties at issue in the present appeals — San Diego *958 County and Yolo County — a desire to carry a firearm in public for self-protection purposes by itself is insufficient to satisfy § 26150(a)’s “good cause” requirement. California argues that local officials are best situated to determine what applicants should be required to show in order to satisfy the “good cause” requirement; and, therefore, it is reasonable to confer this discretion to its County sheriffs. However, it does not appear that California’s sheriffs are exercising this discretion in a rational way. Neither California nor the County Defendants have provided any explanation for why it is reasonable and rational for a desire to carry a firearm in public for self-defense purposes to be insufficient to constitute “good cause” in Yolo County (population 213,016 -[1]) when right next door in Sacramento County (population 1,501,335[2] ) it is sufficient to constitute “good cause.” There cannot be a reasonable fit if the same standard — here, § 26150(a)’s “good cause” requirement — is arbitrarily applied in different ways from county to county without any explanation for the differences.
In sum, I would hold that the challenged laws are unconstitutional under the Second Amendment because they do not survive any form of heightened scrutiny analysis, and therefore, I would reverse.

. United States Census Bureau, State & County QuickFacts, Yolo County, California, http://www.census.gov/quickfacts/table/PST 045215/06113,00 (last visited June 2, 2016).

. United States Census Bureau, State & County QuickFacts, Sacramento County, California, http ://www. census. gov/quickfacts/ table/PST045215/06067,00 (last visited June 2, 2016).